IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CT-3137-D

| | |
|---|---|
| LINDO NICKERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MR. WIGGINS, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

Lindo Nickerson ("Nickerson" or "plaintiff"), a state inmate, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. On November 2, 2009, the court conducted a frivolity review, allowed the action to proceed on Nickerson's amended complaint, and denied several motions [D.E. 16]. With the exception of defendant Officer Boone, all defendants were served with process, and answered the complaint on February 25, 2010 [D.E. 28]. On July 6, 2010, the same defendants filed a motion for summary judgment [D.E. 32], and the court notified Nickerson of his right to respond [D.E. 34]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam).

On August 23, 2010, Nickerson filed a motion for voluntary dismissal without prejudice [D.E. 37]. Defendants have not responded to the motion, and the time within which to do so has expired.

Federal Rule of Civil Procedure 41(a)(1) allows a plaintiff to dismiss an action voluntarily before an answer or summary judgment motion is filed or by stipulation of the parties. Fed. R. Civ. P. 41(a)(1)(A). Because several defendants have appeared and filed a motion for summary judgment, the action "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) is to allow

voluntary dismissals unless the parties will be unfairly prejudiced." Howard v. Inova Health Care Servs., 302 Fed. Appx. 166, 178 (4th Cir. 2008) (per curiam) (unpublished) (quotation omitted).

Relevant factors for the court's consideration of a Rule 41(a)(2) motion include "the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal, as well as the present stage of litigation." Id. at 179 (citations & quotations omitted). Here, the "court must focus primarily on protecting the interests of the defendant[s]." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). Defendants have not filed any response to the motion for voluntary dismissal without prejudice, and thus have not asserted that they would be unfairly prejudiced if the court grants plaintiff's request. The court has not set the action for trial, and defendants apparently have not engaged in substantial discovery or incurred significant expenses in defending the action. See Andes v. Versant Corp., 788 F.2d 1033, 1036–37 (4th Cir. 1986). "[T]he mere filing of a motion for summary judgment is not, without more, a basis for refusing to dismiss without prejudice." Howard, 302 Fed. Appx. at 179 (quotation omitted). Similarly, the "prospect of a second lawsuit" does not give rise to such prejudice. Davis, 819 F.2d at 1274–75. Furthermore, Nickerson has offered reasonable justification for the voluntary dismissal. See Pl.'s Mot. Dismiss at 1. Accordingly, plaintiff's request is proper and the court grants plaintiff's motion for a voluntary dismissal without prejudice [D.E. 37]. See Fed. R. Civ. P. 41(a)(2).

To the extent plaintiff's motion for voluntary dismissal also seeks reconsideration of the court's November 2, 2009 order denying him appointment of counsel, see Pl.'s Mot. Dismiss at 2 ("alleging that the judge is abusing his discretion in refusing to appoint counsel"), such a request for reconsideration is denied. Moreover, in light of the foregoing, defendants' motion for summary judgment [D.E. 32] is denied as moot.

2

II.

In sum, the court GRANTS IN PART plaintiff's motion for a voluntary dismissal without prejudice [D.E. 37] pursuant to Federal Rule of Civil Procedure 41(a)(2), and this action is DISMISSED WITHOUT PREJUDICE. The court DENIES plaintiff's motion to the extent it seeks reconsideration of the court's denial of plaintiff's motion to appoint counsel. The court DENIES defendant's motion for summary judgment [D.E. 32] as moot. The Clerk of Court is DIRECTED to close the case.

SO ORDERED. This 5 day of November 2010.

JAMES C. DEVER III
United States District Judge